PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. RAMÓN GARCÍA, Defendant and Appellant.

No. 3998.   Argued January 21, 1930.—Decided January 23, 1930.

*P. J. Miranda,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Ramón García was convicted of the violation of the Law of Weights and Measures and alleges that the complaint does not charge an offense.

The facts stated in the complaint disclose a shortage of two pounds in a sale of six pounds of coffee.   Section 15 of the law as amended in 1917 (Acts of 1917 (Vol. I), p. 206), provides that:

"No person shall give or permit to be given any false or short weight or measure in the purchase, sale or transfer of any goods, wares or merchandise, and no person shall use, or permit to be used, any false weight or measure, in any industrial or commercial transaction as a basis for compensation in the purchase, sale, transfer or transportation of any goods, wares or merchandise."

This section was again amended in 1921 (Session Laws, p. 180), to read as follows:

"No person shall give or permit to be given any false or short weight or measure in the purchase, sale, transfer or transportation of any goods, wares or merchandise, or in the purchase or sale of any work, task or service, the value of which is computed by the use of measures of weight or any other measure except that of time, and no person shall use, or permit to be used, any false weight or measure, in any industrial or commercial transaction as a basis for compensa-

tion in the purchase, sale, transfer or transportation of any goods, wares or merchandise, or in the purchase or sale of any work, task or service, the value of which is computed by the use of measures of weight or any other measure except that of time, nor shall he keep or permit to be kept in his commercial or industrial establishment such false weight or measure.''

The objection is that the complaint does not mention any ''purchase or sale of any work, task or service, the value of which is computed by the use of measures of weight or any other measure except that of time.''

The effect of the latter amendment was merely to add another mode or manner in which the offense already defined might be committed. The complaint in the instant case charged the commission of an offense in the manner first outlined in the statutory definition, and it was unnecessary, to say the least, to charge the commission thereof in the alternative mode next described, nor in any of the various other ways specified in the context.

As pointed out by the fiscal, the brief for appellant contains no assignments of error, and this alone would have justified an affirmance or a dismissal without touching upon the merits of the present appeal.

The judgment appealed must be affirmed.